In granting letters of administration, the discretion of the court will be exercised as provided by Code Civ. Proc. § 2612, subd. 5, in refusing such letters to the first person named by statute as entitled to them, who is unable to read or write.

In the matter of the estate of John Haley, deceased, two petitions for letters of administration were filed,—by the widow, Bridget Mc-Graw Haley, and a son, John J. Haley. Petition of son granted.

Bissell, Carey & Cooke, for petitioner John J. Haley.

Parker & Hotchkiss, for petitioner Bridget McGraw Haley.

MARCUS, S. John Haley left a widow and four sets of children,—nine in all. The only adults are descendants of the first wife, and range in age from 22 to 40 years. The petitioning widow is the fourth wife of deceased, and is 27 years of age. The only adult son petitions this court for letters of administration, to be issued to himself. The widow likewise asks that she be appointed administratrix, and that one of her counsel be joined with her, as well as the stepson, as a representative of the family. The widow, further, consents to waive her right to administration, providing her counsel be joined with the son of the deceased as co-administrator of the estate. The fairness of this offer seems to appeal at once for a quick disposition of the question, aside of the statutory direction, but for the condition that the widow is unable to read or write the English language. Her illiteracy is further burdened by a density that is hard to comprehend, since she is unable even to count money. The discretion of the surrogate is therefore asked to be exercised against the widow, and in favor of the son, under subdivision 5 of section 2612 of the Code of Civil Procedure. From a careful examination of the cases in this state, I have been unable to find any precedent. No reported cases throw any light upon the conditions existing when this discretion has been exercised, if ever at all. The principle is clear that the policy of the law is to grant administration directly to those most interested in the estate. The amount of interest is assumed to make such person conserve his own advantage by a studious attention to the duties enjoined. Apart from the statutory regulations which determine what persons are entitled to administration, and which, of course, must be observed in appointing administrators, the discretion vested in probate courts is governed by the principle that administration should be committed to those who are the ultimate beneficiaries,—those to whom the property would go after administration. The statute makes it the duty of the surrogate to issue letters to persons in the order named therein, if they are by law competent to serve. The statute further provides who should be deemed competent, and the general rule seems to be that every person is competent, unless declared to be incompetent by statute, and that no new causes of disqualification may be added to those prescribed by the statute. The statute, which directs administration in cases of intestacy to be

granted to relatives of the deceased who succeed to the personal property in the order named therein, carries out the rule stated.    There is, however, an exception.    When a person, otherwise entitled to letters, is unable to read or write the English language, the surrogate, in his discretion, may refuse to grant such letters.    It has been urged upon the part of the widow that the statutory priority must be recognized, unless there be also a statutory disqualification, and that letters should only be withheld by the court where the applicant is disqualified by the statute, and the disqualification must appear to be something which would put in jeopardy the proper administration of the estate. I am mindful that the exercise of discretion in favor of the petitioning son, and against the widow, invades a right long recognized by the law, yet if statutory priority alone should control, and the statutory disqualification be necessarily shown, the rules would then be fixed, letters be granted to the widow as a matter of right, and there would be no discretion left to be exercised by the surrogate.    I am not prepared to say that the widow, petitioner, would be a positive danger, nor can I satisfy myself that she would be of any assistance or purpose, in the winding up of this estate.    While it is true that no new disqualification can be added to those specified in the statute, yet any person applying for letters, deficient in capacity to manage or ability to perform duties necessarily incumbent upon him, lacking the requisite understanding to be directed intelligently,—when a person is so evidently unsuitable, unable to read or write, it seems a reasonable exercise of discretion to refuse the granting of letters.    I have nothing to do with the feeling existing in this family.    A proper bond will protect the interests of all concerned.

The petition of Bridget McGraw Haley is therefore denied, and letters of administration may be granted to John J. Haley, upon his filing a bond, to be approved by this court, in the sum of $20,000. Decreed accordingly.